Cullen, J.
This is an appeal from a decree of the surrogate of Westchester county, refusing to admit to probate the will of Elizabeth Collyer as a lost or destroyed will. We think the decree of the surrogate correct, and that the appellant failed to make out the loss or fraudulent destruction of the will.
The deceased, a maiden lady, had several sisters and brothers, and children of deceased brothers. For many years she resided with the appellant, her brother, also single. The evidence tends to show that during this time, in 1863, she made her will in his favor. Subsequently the appellant married and the deceased went to live by herself in Sing Sing, where she died in 1883. The will of 1863, it is claimed, has been fraudulently destroyed by some of her relatives who had access to the apartments of deceased at the time of her death. The presumption of law is, that a will shown to have been in the custody of the deceased and not subsequently found in his papers, has been revoked by him. Knapp v. Knapp, 10 N. Y., 276. Unless, therefore, it is shown that this will was fraudulently abstracted by some one at the time of the testator’s fatal illness, that presumption must stand. The only evidence tending to show such abstraction is that the will was kept in a box in a room on the top floor, which was forced open by some of her heirs when the deceased was brought home sick from *136 her brother’s. This room seems to have been used as a store room by the deceased, in which were kept her trunks, clothes and bedding. On her return this room was opened to _ get a bed for her to lie upon. It is claimed that at this time the will was spoliated. There is no evidence of that save that the room was forced open. We think this does not afford ground even for suspicion. It is not enough to show that there was opportunity for wrong, there must be something tending to show that wrong was done. The breaking open of the store room, under the circumstances, was entirely proper. It cannot be contended that it was done for the purpose of seizing the will. It was the last place that one would suppose a will or any valuable papers would be kept. No inference of wrong can be drawn from that act. Further, while the deceased and her brother lived together, apart from the rest of the family, it was entirely natural that she should have preferred him by the will. When the brother formed a new tie by marriage, and'she found a new home, it was equally natural that such preference should end. We think the appellant has so plainly failed to establish the loss or destruction of the wih that it is unnecessary for us to examine the other grounds as to the execution and proof of contents of the will on which the surrogate placed his decision.
The question of costs was in the discretion of the surrogate. The will offered for probate solely benefitted the proponent. We think there was not reasonable ground for instituting the litigation, and that the proponent was properly charged with costs.
Barnard, P. J., and Dykman, J., concur.